Ross Cornell, Esq.   (SBN 210413)
LAW OFFICES OF ROSS CORNELL, APC
Email: *rc@rosscornelllaw.com*
P.O. Box 1989 # 305
Big Bear Lake, CA 92315
Phone:  (562) 612-1708
Fax: (562) 394-9556

Attorney of Record for Plaintiff,
Bryan Estrada

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Bryan Estrada, | Case No. |
| Plaintiff, | 5:22−cv−00333−SB (JCx) |
| v. | **PLAINTIFF'S CASE STATEMENT** |
| Juan Serafin, et al., | |
| Defendants. | |

1.   <u>ADA VIOLATIONS</u>

As of the filing of the complaint in this action, the specific ADA violations at 10611 Magnolia Ave., Riverside, CA 92505, also known as Riverside County Assessor's Parcel No. 143-290-006 (the "Subject Property") that formed the basis of the complaint were as set forth below.  As of today's date, no Defendant has advised Plaintiff that any remedial work has been accomplished in response to the lawsuit to address, remediate, repair, alter or otherwise provide

-1-
**PLAINTIFF'S CASE STATEMENT**

access regarding any of the following items, all of which were identified clearly in the Complaint:

      A.    There was no diagonal striped marking and no blue border around where an access aisle is supposed to exist adjacent to any designated accessible parking space(s) serving the Subject Property.

      B.    The designated "accessible" parking space(s) and/or blue striped access aisles provided at the Subject Property are smaller than permitted by the ADA.

      C.    The designated "accessible" parking spaces at the Subject Property do not provide accessible parking signage as required by the ADA. Among other things, they fail to provide tow-away signage and "Minimum Fine $250" signage as required by the ADA and state law to be posted near the designated accessible parking space(s).

      D.    There is no twelve-inch high "NO PARKING" lettering on the blue-striped parking access aisle(s) serving the Subject Property.

      E.    There was no designated "van accessible" parking space with a corresponding 96" access aisle opposite the driver's side when the vehicle is going forward into the parking space and no sign or additional language stating "Van Accessible" below the symbol of accessibility located in a manner that is not obstructed.

      F.    The parking spaces designated as "accessible" at the Subject Property do not have blue-striped parking access aisles adjacent to them and are not at the same level as the parking spacesthey serve.

    G. There were no accessible paths of travel from public transportations stops, accessible parking, public streets and sidewalks to the building entrances serving the Subject Property.

    H. The path of travel that crosses or adjoins a vehicular way is not separated by curbs, railing or other elements between the pedestrian way and the vehicular area;

    I. The force required to operate the primary entrance door exceeds 5 lbs.

    H. Plaintiff is entitled to seek the removal of barriers whether he encountered them or not [*Molski v. Arciero Wine* (2008) 164 Cal.App.4th 786], has the right to pursue the removal of barriers effecting his disability that are discovered during his expert inspection [*Doran v. 7-Eleven, Inc.* (9th Cir. 2007) 524 F.3d 1034], and is not obligated to engage in futile gestures in order to demonstrate standing to remove barriers related to his disability [*Pickern v. Holiday Quality Foods* (9th Cir. 2002) 293 F.3d 1133, 1136]. Accordingly, Plaintiff expressly reserves the right to pursue the removal of barriers not identified herein that are discovered during an expert inspection on the interior and exterior customer areas of the Subject Property. On information and belief, the paths of travel and turning radiuses serving the interior of business locations at the Subject Property do not comply with the ADA because they provide unreasonably narrow paths of travel and turning radiuses, and the service counters, point of sale machines and/or self-serve equipment serving the Subject Property are not within an operable reach range. These and other matters will be confirmed and documented upon the Plaintiff's expert inspection.

2. <u>DAMAGES</u>

Plaintiff has made no damages claims in this action.

Dated: April 04, 2022     LAW OFFICES OF ROSS CORNELL, APC

By: ____/s/ *Ross Cornell*____
  Ross Cornell, Esq.,
  Attorneys for Plaintiff,
  Bryan Estrada

**PLAINTIFF'S CASE STATEMENT**